UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KATHRYN KOSICH,

    Plaintiff,

v.                                                 Case No. 8:21-cv-853-CPT

MARTIN O'MALLEY,
Commissioner of Social Security,[1]

    Defendant.
_____/

**O R D E R**

Before the Court is the Plaintiff's amended motion for attorney's fees pursuant to 42 U.S.C. § 406(b).[2] (Doc. 34). For the reasons discussed below, the Plaintiff's motion is granted.

I.

The Plaintiff initiated this action in April 2021 seeking judicial review of the Commissioner's decision denying her application for Disability Insurance Benefits. (Doc. 1). In November 2022, the Court reversed the Commissioner's decision and

---

[1] Mr. O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Federal Rule of Civil Procedure 25(d), Mr. O'Malley is substituted for the former Acting Commissioner, Kilolo Kijakazi, as the Defendant in this suit.

[2] The Court denied the Plaintiff's original fee motion without prejudice because she failed to confer with the Commissioner as required by Local Rule 3.01(g). (Doc. 33).

remanded the case for further proceedings. (Doc. 25). The Clerk of Court entered Judgment for the Plaintiff the same day. (Doc. 26). Roughly three months later, the Plaintiff sought and obtained $6,801.21 in attorney's fees under the Equal Access to Justice Act (EAJA). (Docs. 29, 31).

As a result of the subsequent proceedings on remand, the Plaintiff was granted past-due benefits. (Doc. 34-1). According to the letter authorizing this relief, the Social Security Administration withheld $26,130.93 of this past-due amount for a possible future award of attorney's fees. *Id.* at 3. This figure equates to twenty-five percent of the Plaintiff's past-due benefits—which is the statutory limit for such fee awards—minus the sum already issued to Plaintiff's representative at the administrative level. *See* 42 U.S.C. § 406(b).

By way of the instant motion, the Plaintiff now asks that the Court enter an order pursuant to 42 U.S.C. § 406(b) approving fees in the amount of $26,130.93 for the services her counsel rendered in this lawsuit. (Doc. 34). This sum does not conflict with the Plaintiff's fee agreement, as that agreement provides for a contingency fee of twenty-five percent of her past-due benefits. (Doc. 34-2). According to the Plaintiff, her lawyer is aware of her obligation to reduce the contingency fee by the amount of the previous EAJA award and, in fact, only seeks a net figure of $19,329.72, which represents the difference between the sought-after fee of $26,130.93 and the previously authorized EAJA fee award of $6,801.21. (Doc. 34). The Commissioner takes no position regarding the merits of the Plaintiff's requested fee amount. (Doc. 36).

2

II.

Section 406(b) governs the authorization of attorney's fees in Social Security actions where, as here, a district court remands the matter to the Commissioner for further proceedings, and the Commissioner later grants the claimant past-due benefits. *See Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1276–78 (11th Cir. 2006) (per curiam). Under such a scenario, the claimant may return to the district court—as the Plaintiff has done here—and ask for fees not exceeding twenty-five percent of the past-due benefits awarded. 42 U.S.C. § 406(b)(1)(A); *Culbertson v. Berryhill*, 586 U.S. 53, 59 (2019).

The fee amount sought, however, must be reasonable. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002); *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010). To ensure this is the case, section 406(b) mandates that a court conduct an independent review of a counsel's fee arrangement with his client. *Gisbrecht*, 535 U.S. at 807. As part of its oversight role, a court may direct that an attorney supply "a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* at 808. A court may also require that the approved fee amount be offset by any previous fee award or by any fees due to counsel under a contingency fee arrangement. *Id.*; *Jackson*, 601 F.3d at 1274.

In addition, an attorney who is successful in claiming fees under both the EAJA and section 406(b) must refund "to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (internal quotation marks and citation omitted). A lawyer

3

may do so either by deducting the earlier EAJA award from the subsequent section 406(b) award or by refunding the smaller EAJA fee and accepting the section 406(b) payment in full. *Jackson*, 601 F.3d at 1274.

In this action, the Plaintiff's requested fee amount of $26,130.93 is predicated upon a total of 30.7 hours expended on this appeal by her counsel, Laurel Marois Ackerman. (Docs. 29-1, 34). This sum encompasses all the work Ms. Ackerman performed before the Court and is consistent with the Plaintiff's contingency fee agreement, as the sought-after figure equates to twenty-five percent of the total past-due benefits granted to the Plaintiff, less the amount already issued to Plaintiff's representative at the administrative level. (Doc. 34 at 6). In light of these facts, as well as the nature of the professional services provided, the positive results achieved, and the Commissioner's lack of opposition to the Plaintiff's motion, the Court finds that the proposed fee amount is reasonable. *See Brown v. Comm'r of Soc. Sec.*, 2024 WL 4529664, at *2 (M.D. Fla. Oct. 1, 2024), *report and recommendation adopted sub nom.*, 2024 WL 4529245 (M.D. Fla. Oct. 18, 2024); *Ocasio v. Comm'r of Soc. Sec.*, 2024 WL 4135793, at *1 (M.D. Fla. Sept. 10, 2024); *White v. Comm'r of Soc. Sec.*, 2012 WL 1900562, *6 (M.D. Fla. May 2, 2012), *report and recommendation adopted*, 2012 WL 1890558 (M.D. Fla. May 24, 2012).

### III.

Based upon the foregoing, it is hereby ORDERED:

1. The Plaintiff's motion for attorney's fees (Doc. 34) is granted, and the Plaintiff shall be awarded fees in the sum of $26,130.93 pursuant to 42 U.S.C. § 406(b).

4

Taking into account the deduction of the EAJA fee award from this overall fee figure, the Plaintiff's lawyer is entitled to the sum of $19,329.72, which sum shall be paid to the Plaintiff's lawyer from the past-due benefits currently being withheld by the Commissioner.

2. In light of counsel's deduction of the previously granted EAJA fee amount from the overall fee award, the EAJA fee sum—totaling $6,801.21—shall be deemed refunded to the Plaintiff.

3. This action shall be closed and shall remain closed.

SO ORDERED in Tampa, Florida, this 31st day of October 2024.

_____
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record

5